1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-52 RSM |
| Plaintiff, | ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE |
| v. | |
| ANNIE VANDEGRIFT, | |
| Defendant. | |

## I.    INTRODUCTION

This matter is before the Court on Defendant Annie Vandegrift's Emergency Motion for Compassionate Release.  Dkt. #152.  Defendant is currently incarcerated at FCI Phoenix and has served approximately nine months of her thirty-month in-custody sentence, as imposed by this Court on November 8, 2019.  Defendant now seeks compassionate release on the basis that her medical condition, which includes an autoimmune disease and restrictive lung disease, should qualify her for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Government maintains that compassionate release is not appropriate primarily because Defendant, if released, would be a danger to the safety of the community.  Having considered the matter, the Court agrees with the Government and denies Defendant's motion.

ORDER – 1

## II.      BACKGROUND

Defendant and her boyfriend were arrested after delivering approximately two kilograms of heroin to a confidential source and Defendant was charged with one count of conspiracy to distribute a controlled substance and one count of possession of a controlled substance with intent to distribute.  Dkt. #13.  Defendant entered a plea of guilty to the conspiracy to distribute charge—the possession charge was dismissed—and this Court sentenced her to thirty months in the custody of the United States Bureau of Prisons ("BOP") and three years of supervised release. Dkt. #118.  Defendant began serving her sentence January 2, 2020 and has a projected release date of January 23, 2022.  Dkt. #152 at 2.

Defendant is currently housed at FCI Phoenix, which is located in Maricopa County, Arizona.  Defendant represents that Maricopa County is currently experiencing high rates of COVID-19 infection.  *Id.*  This concerns Defendant as she has been diagnosed with "Behcet's disease (an autoimmune disease), as well as restrictive lung disease (decreased lung volume, which decreases the amount of oxygen she is able to draw from each breath)."  *Id.*  She believes that the combination of high rates of COVID-19 infection in the surrounding community, her incarceration in a correctional facility, and her medical condition combine to present extraordinary and compelling circumstances that should allow her to serve the remainder of her sentence at home.  *Id.* at 3–9.  Should the Court grant Defendant her requested relief, Defendant plans to live with her mother, "who acted as a third-party custodian for [Defendant] while she was on pretrial release."  *Id.* at 9.

## III.      DISCUSSION

### A. Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction including a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in

limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances were recently expanded by the First Step Act of 2018 which allowed prisoners to directly petition district courts for compassionate release after exhausting administrative remedies:

> (A) the court, upon motion of the Director of the Bureau of Prisons*, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act). The defendant bears the burden of establishing circumstances justifying compassionate release. *Riley v. United States*, Case No. 19-cv-1522JLR, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020).

The applicable, and referenced, Sentencing Commission policy statements further specify that a district court should consider reduction of a sentence only where, "after considering the factors set forth in 18 U.S.C. § 3553(a)," "[e]xtraordinary and compelling reasons warrant the reduction," and "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." United States Sentencing Guidelines

ORDER – 3

("USSG") § 1B1.13.[1]   The Sentencing Commission's application notes indicate that extraordinary and compelling reasons may be based on at least the medical condition of the defendant, the age of the defendant, the family circumstances of the defendant, or for other reasons—a catch-all.  USSG 1B1.13 cmt. n.1.  The contents of the policy statement provide persuasive guidance but do not constrain the Court's discretion in determining whether extraordinary and compelling circumstances justify compassionate release.[2]  *See United States v. Posey*, Case No. 18-cr-280-RSL, 2020 WL 4599879, at *4 (W.D. Wash. Aug. 11, 2020) (noting that the guidance of the policy statement is persuasive but not binding); *United States v. Peterson-Siler*, Case No. 15-cr-118-RAJ, 2020 WL 5106722, at *6 (W.D. Wash. Aug. 31, 2020) (policy statement provides helpful guidance, but does not constrain courts' discretion); *United States v. Wells*, Case No. 16-cr-07-RSM, 2020 WL 5118165, at *2 (W.D. Wash. Aug. 31, 2020) (concluding that the Court has discretion to consider factors outside of those listed in the policy statement); *United States v. Powers*, Case No. 15-cr-166-TSZ, 2020 WL 3605748, *2 (W.D. Wash. July 2, 2020) (noting additional factors courts have considered in the context of COVID-related compassionate release motions).

**B. Defendant Does Not Establish That Compassionate Release Is Appropriate**

At bottom, Defendant fails to convince the Court that compassionate release is appropriate for the simple reason that she fails to establish any material changes, outside the known existence of COVID-19, since the time she was sentenced.  *See* Dkt. #159 at 2 ("The

---

[1] The policy statement reiterates that a reduction should be "consistent with this policy statement."  USSG 1B1.13(3).

[2] The Government has previously taken the position that the Court's discretion was bound by the express contents of the policy statement such that the Court could not consider factors outside of those listed in the policy statement.  The Government does not repeat its arguments here but does note its objection.  Dkt. #159 at 7 n.6.

ORDER – 4

reasons supporting [Defendant's] 30-month sentence have not changed."). Defendant unconvincingly argues that, if released, she would no longer pose a danger to the safety of the community. In support, Defendant appropriately highlights her accomplishments and good behavior while on pre-trial supervision and the hard work she has done in an attempt to change her future. Dkt. #164 at 2–4. She makes clear her plans to once again live with her mother, as she did while on pre-trial release, her plans to continue pursuing treatment for her addiction, and her plans to attend community college classes. *Id.* But these were all changes that Defendant had made before this Court sentenced her to thirty months in BOP custody. *See* Dkt. #114 at 6–7 (Defendant's sentencing memorandum detailing her "exemplary, inspiring, and life-changing turn-around" by completing treatment, residing with her mother, and attending community college). Even taking account of those significant life changes, Defendant herself recognized that a 24-month sentence would be appropriate. *Id.* at 2 (defense recommending "a term of 24 months incarceration"). That Defendant now faces potential health complications should she contract COVID-19—a fact that remains true whether she is incarcerated or not—does not establish that she is no longer a danger to her community and does not alter the Court's careful consideration of the § 3553(a) factors when it set Defendant's sentence.

While this effectively ends the Court's inquiry, the Court briefly addresses Defendant's argument that her health condition presents extraordinary and compelling circumstances warranting compassionate release. Although the parties disagree as to the relevant medical conditions responsible, they appear to generally agree that she faces a heightened risk from COVID-19. *Compare* Dkt. #152 at 7 (Defendant arguing that she faces a heightened risk because of Behcet's disease and restrictive lung disease) *with* Dkt. #159 (conceding that Defendant's obesity is a CDC-identified risk factor and could form the basis for "an extraordinary and compelling reason that might warrant compassionate release"). Yet the Court is not persuaded

by Defendant's argument that the condition of her health constitutes extraordinary and compelling circumstances here.

Defendant fails to present evidence establishing that her continued incarceration causes an appreciable likelihood that she will be exposed to COVID-19, as her argument would appear to logically require. Defendant presents evidence establishing that the rates of COVID-19 infection in the county surrounding FCI Phoenix are relatively high and generalized evidence that some prisons have had significant outbreaks of COVID-19. Dkt. #152 at 11–20, 30–35. Defendant relies on expert witness testimony from Dr. Brie Williams who addresses the risk posed by COVID-19 in correctional settings, the at-risk health characteristics of incarcerated populations, and the need to reduce overall prison populations to address the possible spread of COVID-19. Dkt. #152 at 22–29. But the Court finds Dr. Williams' March 27, 2020 declaration to be overly generalized and stale. Similarly, while the unsworn letter from Defendant's treatment provider does confirm her medical conditions, it notes that "her symptoms have apparently been stable for some time" and uncompellingly concludes that "it is *possible*" that Defendant's exposure to COVID-19 *could* result in severe complications. Dkt. #154 (emphasis added).

### IV.   CONCLUSION

Accordingly, having reviewed the motion, supporting documentation, relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Emergency Motion for Compassionate Release (Dkt. #152) is DENIED.

Dated this 25th day of September, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6